

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

April 22, 1947

Honorable Frank G. Svadlenak, Chairman,
Revenue and Taxation Committee,
House of Representatives,
Austin, Texas

Opinion No. V-159

Re: Construction of House
Bill 202, 50th Legis-
lature.

Dear Sir:

Your request for an opinion by this depart-
ment on the above subject matter is as follows:

"The Committee on Revenue and Taxa-
tion has directed me, as Chairman of the
Committee, to ask for the following opin-
ions from the Attorney General of Texas
in regard to H. B. #202.

"The questions to be ascertained are
this:

"1. This bill seeks to amend the Om-
nibus Tax Bill, H. B. #8. Under the caption
of this bill what, if any tax amendment
would be germane to this bill?

"2. Would other sections of the Om-
nibus Tax Bill, H. B. #8, be opened up by
the caption of this bill?

"3. Would legalized horse racing and
pari-mutual betting be germane to this
bill?"

We shall answer your questions in the order
in which you state them.

1. The Title to House Bill No. 202, 50th
Legislature is as follows:

"AN ACT amending Section 6 of Article III
of House Bill No. 8, Acts, Forty-fourth
Legislature, Third Called Session, as
amended and re-enacted by H. B. No.
377, Acts of the Regular Session,
Forty-fifth Legislature, exempting from
taxation any admission collected for
dances, moving pictures, operas, plays
and musical entertainments, all pro-
ceeds of which inure exclusively to
the benefit of State, religious, edu-
cational or charitable institutions,
organizations, or societies, or for
any type of exhibition or amusement
conducted by and for which all of the
net proceeds inure to the benefit of
a non-profit corporation, organized
and chartered under the laws of the
State of Texas, for the purpose of
encouraging agriculture by the main-
tenance of public fairs and exhibi-
tions of live stock, and declaring an
emergency."

Under the subject, as stated in the title to this Bill, no amendment of Section 6 would be permissible except the specific one mentioned in full in the title. Under an amendment Act such as this where the proposed amendment is specifically named in the title, any amendment beyond that named would be void under the doctrine of defective or misleading titles.

A short statement of the title without enumerating the particulars in which the existing section is to be amended, would authorize any amendment whatever that was pertinent to the general purpose or subject of the section. Thus, the title could be amended without such limiting specificness, as follows: "An Act amending Section 6 of Article III of House Bill No. 8, Acts 44th Legislature, Third Called Session, as amended and re-enacted by House Bill No. 377, Acts of the Regular Session, 45th Legislature."

2. No section of the Omnibus Tax Bill, House Bill No. 8, other than Section 6 specially named in the title, would be or could be affected by the passage of House Bill No. 202 being considered.

3. Legalized horse racing and pari-mutual betting would not be germane to the subject of this bill.

## SUMMARY

The title to H. B. No. 202, 50th Legislature being to amend Section 6 of Article III of House Bill No. 8, 44th Legislature, in specific respects, no amendment other than that so named would be germane to the Bill.

Under such title, legalized horse racing and pari-mutual betting would not be germane to the Bill.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS:WB:erc

APPROVED APRIL 23, 1947

ATTORNEY GENERAL